1  WO

2  **NOT FOR PUBLICATION**

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Coogan, doing business as Coogan Photographic,<br><br>          Plaintiff,<br><br>vs.<br><br>Avnet, Inc., a foreign corporation; Roy Vallee and Jane Doe Vallee, husband and wife; Allen Maag and Jane Doe Maag, husband and wife,<br><br>          Defendants. | No. CV-04-0621-PHX-SRB<br><br>**ORDER** |

Plaintiff has filed a motion (Doc. 104) requesting that the Court clarify its Order which granted in part and denied in part Plaintiff's motion for partial summary judgment (Doc. 100). The latter motion asked the Court to decide, among other things, whether Defendants had infringed on one "work" or three separate "works" within the meaning of the Copyright Act. Plaintiff argued that no issues of material fact remained on this issue, and that Defendants had infringed upon three separate works. Defendants agreed that no issues of material fact remained, but contended that they had infringed upon only one work. The Court sided with Defendants, holding "[a]s a matter of law, the . . . photographs constitute one 'work.'" (Order at 11.)

1   Plaintiff now seeks clarification of that statement, as he is uncertain as to whether it means that the Court granted summary judgment in favor of Defendants on that issue. That phrase is perfectly clear, and means exactly what is says.

Plaintiff's real concern with the Order seems to be about something slightly different. Plaintiff apparently believes that when the Court is ruling on a motion for summary judgment, the Court, if it disagrees with the party filing the motion, cannot state its disagreement in the form of a definitive legal conclusion, but instead, "should simply leave the issue undecided." (Pl.'s Mot. for Clarification at 3.) In other words, in the present context, the Court should have expressed its disagreement with Plaintiff's position by essentially stating that, "The photographs do not constitute three separate works," as opposed to what in this case was the converse: "The photographs constitute one work." Plaintiff is wrong. He invited the Court's consideration of this issue, and the Court found that the undisputed facts compelled a certain legal conclusion. Plaintiff's argument that the Court should withhold that conclusion simply because he was the one who filed the motion for summary judgment and this ruling favors Defendants is without merit.

**IT IS ORDERED** denying Plaintiff's motion for clarification (Doc. 104).

DATED this 7th day of December, 2005.

_____
Susan R. Bolton
United States District Judge